```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**GREGORY LYNN GALES,**

                           **Petitioner,**

            **v.**                                  **CASE NO.  04-3300-SAC**

**LOUIS BRUCE, et al.,**

                           **Respondents.**

**O R D E R**

Petitioner initiated this action with a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 filed September 15, 2004.  After reviewing petitioner's allegations, the court dismissed the petition without prejudice on September 30, 2004, because petitioner was seeking relief on claims not presented in his direct appeal, and had not yet pursued any post-conviction relief in the state court.  The court also advised petitioner of the one year limitation period for seeking federal habeas corpus relief, 28 U.S.C. § 2244(d)(1), and that the running of that limitation period could be tolled by filing a state post-conviction action, 28 U.S.C. § 2244(d)(2).  The court further advised petitioner that his filing of the instant action in federal court, and any appeal taken therefrom, would not have any tolling effect on the limitation period for seeking habeas corpus relief in a federal court, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Petitioner filed an appeal from the September 30, 2004, judgment.  On June 23, 2005, the Tenth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed the

appeal, some three weeks after expiration of the § 2244(d)(1) limitation period.  When petitioner again sought federal habeas corpus relief in a § 2254 petition filed on November 16, 2007, the court dismissed the petition as time barred.  *See Gales v. Cline*, Case No. 07-3282-SAC (D.Kan., May 1, 2008), appeal dismissed (10th Cir., July 1, 2008), *cert. denied* (U.S., October 14, 2008). Petitioner thereafter sought to challenge his state court conviction by filing a third § 2254 petition on October 22, 2009, and a fourth petition on April 5, 2010.  The court dismissed both actions for lack of jurisdiction because petitioner had not obtained prior authorization from the Tenth Circuit Court of Appeals authorizing the district court to consider a second or successive petition.  *See Gales v. Cline*, Case No. 09-3228-SAC (D.Kan., November 18, 2009); *Gales v. Cline*, Case No. 10-3071-SAC (D.Kan, April 19, 2010).  *See also* 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive § 2254 petition in district court).

Now before the court is petitioner's motion to reopen this matter to challenge the validity of his confinement pursuant to his state criminal judgment,[1] and to allege error in the dismissal of his second § 2254 petition as time barred.[2]

Petitioner's motion to reopen his initial habeas petition is treated as a second or successive challenge under § 2254 to his

---

[1] Petitioner appears to challenge the legality of a Kansas Supreme Court order transferring the prosecution of petitioner's state criminal proceeding from Edwards County to Pawnee County.

[2] Petitioner appears to argue the § 2244(d)(1) limitation period never started running because his state criminal proceeding should have been dismissed for lack of jurisdiction.

state court conviction and to the dismissal of his second § 2254 petition as time barred.  As previously pointed out to petitioner, this court has no jurisdiction to consider the instant petition if petitioner has not obtained prior authorization from the circuit court for this court to consider a second or successive § 2254 petition.  Finding no such prior authorization has been obtained, and finding transfer of this matter to the Tenth Circuit Court of Appeals would not serve the interests of justice, petitioner's successive § 2254 request is dismissed for lack of jurisdiction.  *In re Cline*, 531 F.3d 1249, 1252-53 (10th Cir.2008).

   IT IS THEREFORE ORDERED that petitioner's motion to reopen this case (Doc. 11) is construed by the court as an attempt to seek relief in a second or successive § 2254 petition, and is denied and dismissed for lack of jurisdiction.

   **IT IS SO ORDERED.**

   DATED:  This 7th day of September 2011 at Topeka, Kansas.


                                 s/ Sam A. Crow
                                 SAM A. CROW
                                 U.S. Senior District Judge